IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KIMBERLY BORDELON                                                                              PLAINTIFF

vs.                                              Civil No. 6:15-cv-06114

CAROLYN W. COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Kimberly Bordelon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed her disability applications on April 14, 2011.  (Tr. 15, 122-135).  In these applications, Plaintiff alleges being disabled due to anxiety and fibromyalgia.  (Tr. 145).  Plaintiff alleges an onset date of June 1, 2011.  (Tr. 10).  These applications were denied initially and again upon reconsideration.  (Tr. 48-51).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her denied applications. (Tr. 70-72). This hearing request was granted, and Plaintiff's administrative hearing was held on September 4, 2012. (Tr. 23-47). This hearing was held in Hot Springs, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Shannon Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.*

On October 26, 2012, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 7-17). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2011, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff has the following severe impairments: fibromyalgia, adjustment disorder, and anxiety. (Tr. 12-13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform a wide range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant is limited to work where interpersonal contact is limited (limited being defined as infrequent contact that is not considered to be an essential job duty such as responding appropriately to simple questions).

*Id.*

Considering her RFC, the ALJ determined Plaintiff was capable of performing her Past Relevant Work ("PRW") as a medical transcriptionist. (Tr. 17, Finding 6). Because the ALJ found Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from June 1, 2011 through the date of his decision or through October 26, 2012. (Tr. 17, Finding 6).

Plaintiff sought review with the Appeals Council. (Tr. 5). Thereafter, on October 23, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. 1-3). Plaintiff then appealed her case to this Court. *See Bordelon v. SSA,* 6:13-cv-06131, ECF No. 1 (W.D. Ark. Nov. 13, 2013). On January 15, 2015, the SSA remanded this case for further administrative review. *Id.* Consistent with that directive, the ALJ held a second administrative hearing on August 11, 2015 in Hot Springs, Arkansas. (Tr. 405-440). Subsequent to that hearing, the ALJ again entered an unfavorable administrative decision denying Plaintiff's applications for disability. (Tr. 338-404). On October 30, 2015, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the following: (A) the ALJ failed to properly assess her fibromyalgia and her subjective complaints; and (B) the ALJ erred by failing to consider the combination of her physical and mental impairments. *Id.* The Court will address both of these arguments.

    A.    **Plaintiff's Fibromyalgia**

Plaintiff claims the ALJ improperly assessed her fibromyalgia. ECF No. 11 at 5-16. In raising this claim, Plaintiff alleges (1) the ALJ improperly evaluated her credibility; (2) the ALJ improperly evaluated the medical records from her rheumatologists; and (3) the ALJ improperly discounted the findings of her other physicians. ECF No. 11 at 5-16. The Court will address each of these arguments separately.

        i.    **Credibility**

First, Plaintiff claims the ALJ improperly considered her subjective complaints of disabling pain due to her fibromyalgia. ECF No. 11 at 5-16. In assessing the credibility of a claimant, the ALJ

is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. (Tr. 400-403). Indeed, after the ALJ fully considered Plaintiff's medical records, her subjective complaints, and the record as a whole, the ALJ noted Plaintiff continues to work as a medical transcriptionist despite her alleged disability. (Tr. 402). The ALJ noted the fact she is able to continue to work *despite her disability* causes her testimony to be "less than credible." *Id.*

In response, Plaintiff claims she had to take a reduced workload as a transcriptionist and reduced compensation due to her fibromyalgia. ECF No. 11 at 9-10. Plaintiff claims the fact she remains able to work does not demonstrate her fibromyalgia is not disabling. *Id.* As the ALJ noted, however, it appears Plaintiff has taken a reduced workload due to *lack of work* and not due to her fibromyalgia:

> In August of 2010, treatment notes document the claimant as trying to work as a transcriptionist, however her job may be running out with Mercy Health Center and Dr. Larson noted the claimant was not trained for work other than transcription. (Ex. 2F). Since her alleged onset of disability, the claimant has continued to work as a transcriptionist. She testified that her reduced hours were a result of her disabling limitations and not due to a limited work supply. However, considering documented evidence of inconsistent statements and said testimony as inconsistent with the objective record, it is reasonable for the undersigned to find the claimant's testimony as less than credible.

(Tr. 402).

Plaintiff claims the ALJ is incorrect in this finding and argues without support that "[t]here will never be a shortage of work for a medical transcriptionist at a hospital." ECF No. 11 at 10.

However, upon review, the ALJ is correct that Plaintiff's medical records indicated her job was ending, and she was not disabled due to her fibromyalgia: "She has been trying to work as a transcriptionist, however her job may be running out with Mercy Health Center. She is not trained for other work other than transcription." (Tr. 225). Accordingly, based upon what was presented to the ALJ, the Court finds substantial evidence supports the ALJ's decision to discredit the severity of Plaintiff's fibromyalgia based upon the fact that she is still working as a transcriptionist.

The ALJ also noted Plaintiff's allegations were not credible because she "refused to follow treatment provider recommendations to follow up with mental health treatment, physical therapy, and exercise and lifestyle changes." (Tr. 396). Plaintiff claims there is no indication she did not seek the proper treatment and did not follow-up on physical therapy. ECF No. 11 at 9. Upon review of the transcript, however, there are no records from her physical therapist. Thus, it is unclear to what extent Plaintiff *did* follow-up on physical therapy.

Further, her medical records from Dr. James W. Logan, M.D. do indicate Plaintiff did not make "exercise and lifestyle changes." (Tr. 302). On September 30, 2009, Dr. Logan noted Plaintiff's "major issue" was "for her to make some lifestyle changes to improve her status and this will include eating well and exercising regularly." (Tr. 301). Thereafter, on April 1, 2010, Dr. Logan again counseled Plaintiff on her lifestyle: "She is quite sedentary and is improving somewhat with physical therapy. I have counseled her on the importance of maintaining a regular exercise regime after she has finished with therapy. . . . She needs to make lifestyle changes with routine exercise." (Tr. 321).

Based upon these findings regarding Plaintiff's current ability to work and her failure to follow the prescribed course of treatment, along with the ALJ's other stated reasons in the record,

the Court finds there was substantial evidence to support the ALJ's credibility determination. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

### ii. Rheumatologist

Plaintiff claims the ALJ improperly discounted the findings of her treating rheumatologists, Drs. Logan and Ratinderjit Kaur. ECF No. 11 at 7-16. Upon review, however, Dr. Logan never found Plaintiff had disabling limitations and instead repeatedly recommended "lifestyle changes" which she apparently did not follow. (Tr. 301-302, 321). Further, Dr. Kaur completed a largely "checklist" style medical source statement wherein he found Plaintiff suffered from disabling limitations but provided no test results or other evidence supporting his opinions. (Tr. 686-691). As the ALJ noted, there were "no objective signs or clinical findings consistent with either source's course of treatment or opinion." (Tr. 397). Thus, the Court cannot find the ALJ's failure to adopt their findings is a basis for reversal in this case.

### iii. Other Medical Sources

Plaintiff claims the ALJ erred by failing to adopt the findings of her other medical sources. ECF No. 11 at 5-16. In making this case, however, Plaintiff supplies no *specific* limitations greater than those find by the ALJ. *Id.* Thus, the Court also finds this is not a basis for remand in this action.

### B. Impairments in Combination

Plaintiff claims she suffers "from multiple impairments both physical and mental that interfere with her activities of daily living and concentration." ECF No. 11 at 16-21. In making this

claim, Plaintiff recites all of her alleged impairments and then claims those impairments cause her to be disabled. *Id.* However, the mere fact Plaintiff suffers from a number of impairments does not necessarily demonstrate she is disabled. Indeed, here, Plaintiff has not demonstrated any *specific* impairments or limitations greater than those found by the ALJ. Thus, the Court finds no basis for remand on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of January 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE